UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CR01050 JAR |
| | ) | |
| SEAN ROYSTER, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1.  PARTIES:

The parties are the defendant, SEAN ROYSTER, represented by defense counsel, Lucille G. Liggett, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

## 2.  GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1 and 4, the United States agrees that it will move for the dismissal of Count 3 at sentencing. The government further agrees that no further federal prosecution will be brought in the Eastern District of Missouri relative to the defendant's use of the identities of others to fraudulently open and use credit and bank accounts between August 13, 2019

and September 17, 2019 and between November 29, 2019 and December 4, 2019, of which the Government is aware at this time.

The parties also recommend that a sentence of zero months incarceration and a three-year term of supervised release should be imposed for the violation of Title 18, United States Code, Section 1708 charged in Count 4 of the indictment. The parties recognize that this will operate as a variance from the applicable guideline range. This term shall be consecutive to the 24-month term of incarceration that is mandated upon a conviction of Title 18, United States Code, Section 1028A as charged in Count 1 of the indictment.

In addition, the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea.

## 3.   ELEMENTS:

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1028A, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, the defendant knowingly transferred or used, without lawful authority, a means of identification of another person;

Two, the defendant knew that the means of identification the defendant possessed belonged to another person;

Three, the defendant possessed and used the means of identification without lawful authority;

Four, the defendant knew that he possessed and used the means of identification without lawful authority; and

2

Five, the defendant possessed and used the means of identification during and in relation to the crimes of access device fraud; mail fraud; wire fraud; and bank fraud.

As to Count 4, the defendant admits to knowingly violating Title 18, United States Code, Section 1708, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, the defendant unlawfully had in his possession a Sam's Club MasterCard in the name of E.T.;

Two, this credit card had been stolen from a mailbox; and

Three, the defendant knew the credit card had been stolen.

## 4.   FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 4, 2019, Sean Royster was observed conducting fraudulent prepaid debit card purchases at a Sam's Club store located in Chesterfield, Missouri. During a search of the vehicle in which he and his co-defendant Jeffery Oregis Williams were traveling, police officers located approximately 48 Vanilla prepaid debit cards, a Sam's Club MasterCard ending in 4057 bearing the name of E.T., and marijuana. The Sam's Club MasterCard and some of the prepaid debit cards were found near Williams' seat. The remaining cards and the marijuana were located in the center console.

A subsequent investigation revealed that the bank that issued the Sam's Club MasterCard to E.T. had received a request for a replacement card to be mailed to E.T. at his residence. The bank

mailed the card to E.T. as directed, but it was stolen from E.T.'s mailbox before E.T.'s receipt. E.T. confirmed that he did not request that a replacement card be issued nor mailed.

On December 3, 2019, Defendant used E.T.'s replacement card with E.T's account number, to make, and attempt to make, without E.T.'s knowledge or authorization, fraudulent purchases of prepaid debit cards in the Eastern District of Missouri in the amount of $825.92. At the time of his use, Defendant knew the account number had been issued to an individual other than himself. In addition to the account number of E.T., between August 13, 2019 and September 17, 2019 and between November 29, 2019 and December 4, 2019, Defendant was identified using account numbers that had had been issued by Capital One, Synchrony Bank, and Barclays Bank to S.R., A.P., G.W., B.R., V.L., A.P., M.G., J.M., E.T., and E.T.(2). The access devices were obtained in the same manner as that of E.T.

With the 48 prepaid debit cards located in the defendant's vehicle, the actual losses caused by Defendant with respect to the access devices issued to E.T., G.W., M.C., and J.M., E.T., and E.T.(2) between August 13, 2019 and September 17, 2019 and between November 29, 2019 and December 4, 2019 were $89,659.02.

## 5.   STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime of aggravated identity theft to which the defendant is pleading guilty in Count 1 is ***a mandatory term of imprisonment of 2 years which must be served consecutively with any other term of incarceration imposed for the conviction of access device fraud***, a fine of not more than $250,000.00, or both.  The Court may also impose no more than a 1-year period of supervised release.

The defendant fully understands that the maximum possible penalty provided by law for the crime of possession of stolen mail charged in Count 4 to which the defendant is pleading guilty is imprisonment for not more than 5 years, a fine of not more than $250,000.00, or both.   The Court may also impose a 3-year period of supervised release.

**6.   U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that Count 4 is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense. ***However, the offense of aggravated identity theft charged in Count 1 bears a mandatory term of imprisonment of 2 years that must be run consecutively to any other sentence.***   The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a.   Chapter 2 Offense Conduct:**

**(1)   Base Offense Level:**   The parties agree that the base offense level is ***6*** as found in Section 2B1.1(a)(2).

(2)   **Chapter 2 Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristic applies: ***6 levels*** should be added pursuant to Section 2B1.1(b)(1)(D) because the offense exceeded $40,000 but was less than $95,000; ***2 levels*** should be added pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims; and ***2 levels*** should be added pursuant to Sections 2B1.1(b)(11)(B)(i) because the offense involved the production of unauthorized access devices.

**b.   Chapter 3 Adjustments:**

**Acceptance of Responsibility**: The parties recommend that three levels should be deducted pursuant to Section 3E1.1(a) and (b) because the defendant has clearly demonstrated

5

acceptance of responsibility and timely notified the government of his intent to plead guilty.   The parties agree that the defendant's eligibility for this deduction is based upon information presently known.   If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

     **c.   Estimated Total Offense Level:**   The parties estimate that the Total Offense Level is 13.

     **d.   Criminal History:**   The determination of the defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

     **e.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.   Appeal:**   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)   Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2)   Sentencing Issues:**   In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.   Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b.   Habeas Corpus:**   The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.   Right to Records:**   The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the

Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.   OTHER:**

   **a.   Disclosures Required by the United States Probation Office:**   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

   **b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   **c.   Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses. These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.    The defendant understands that parole has been abolished.

   **e.   Possibility of Detention:**   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

8

**f.   Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   The precise amount of restitution is unknown at the present time.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.   The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g.   Forfeiture:**   The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation including, but not limited to: currency or any personal property.   The defendant admits that all United States currency, property and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds or were used to facilitate the illegal activity.   The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners.   The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**   In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or

exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.   The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel.   The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in

this case.    In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.    The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.    The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.    NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the

government agrees to dismiss or not to bring.


2/26/2021
Date

*Tracy L. Berry*
TRACY L. BERRY 0/4753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200


2/25/21
Date

SEAN ROYSTER
Defendant


2/26/21
Date

LUCILLE G. LIGGETT
Attorney for Defendant